**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 16-04080-01-CR-C-BCW |
| **GARY ANTHONY PENN, JR.**, | |
| Defendant. | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Timothy A. Garrison, the United States Attorney for the Western District of Missouri and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on May 16, 2018. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Gary Anthony Penn, Jr., to 110 months' imprisonment and four years' supervised release.

**I.   BACKGROUND**

On August 16, 2016, Boone County Sheriff's deputies conducted surveillance on Penn at the parking lot of the Providence Suites Hotel in Columbia, Missouri. Penn approached a motorcycle that had been reported stolen, got onto the motorcycle, and departed the area. Deputies followed Penn, but briefly lost sight of him. Approximately 15 minutes after losing sight of Penn, deputies located the motorcycle he had been driving parked in the back yard of a residence. In a nearby trashcan, deputies found a backpack that had been observed in Penn's possession. Inside the backpack, officers recovered two (2) firearms: a Keltec, Model P11, 9mm pistol, serial number A1T06; and a Kodiak, Model Denali, .380 caliber pistol, serial number K05051. Also recovered

was a clear plastic bag containing assorted mail addressed to Penn at 2104 Meadowvale Court, Apt. B, Columbia, Missouri.

On December 18, 2018, Penn pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm. Penn's Base Offense Level was calculated as a 20. The PSR recommended a 2-level increase because the offense involved multiple firearms, a 2-level increase because one firearm possessed by Penn was stolen, and a 4-level increase because Penn possessed the gun in connection with another felony offense, resulting in an Adjusted Offense Level of 28. After a 3-level reduction for acceptance of responsibility, Penn's Total Offense Level was 25. (PSR ¶¶ 28-39.)

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---|
| **Base Offense Level: § 2K2.1** | **20** |
| **Specific Offense Characteristics: (§ 2K2.1(b)(1)(A))** | **+2** |
| **Specific Offense Characteristics: (§ 2K2.1(b)(4)(A))** | **+2** |
| **Specific Offense Characteristics: (§ 2K2.1(b)(6)(B))** | **+4** |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **25** |

With a Criminal History Category of VI, this calculation results in an applicable Guidelines range of 110-120 months. (PSR ¶¶ 69, 125.) The Government recommends a sentence of 110 months.

## II. DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures. *See* United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b). The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. USSG § 1.1B1(c).

2

The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that this case falls within that category of cases for which the Guidelines sentence is sufficient, but not greater than necessary, to meet the goals outlined in 18 U.S.C. § 3553(a). While 110 months is a significant sentence, given Penn's personal history and characteristics and his conduct in the instant case, it is reasonable and justified under § 3553(a) for the reasons set forth below.

### A.     *Objections to the PSR*

Penn's first objects to the 2-level increase based on the presence of three or more guns, contending that only two guns were involved in the instant offense. Section 2K2.1(b)(1) increases the base offense level for firearm possession offenses if "the offense involved" more than three firearms. Guidelines relevant conduct principles govern specific offense characteristics such as the number of firearms involved in an offense. *See United States v. Mahone,* 688 F.3d 907, 909 (8th Cir. 2012); U.S.S.G. §§ 1B1.1, cmt. n.1(H), 1B1.3(a).

For offenses "for which § 3D1.2(d) would require grouping of multiple counts," relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). "A defendant need not be charged with or convicted of the [relevant] conduct as long as it could form the basis for a count that would be grouped with the offense of conviction." *United States v. Cole,* 525 F.3d 656, 659 (8th Cir. 2008); U.S.S.G. § 1B1.3, cmt. n.3.

3

In *United States. v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998), the Seventh Circuit held that the fact Santoro possessed an assault rifle and two other weapons within a six to nine month period was sufficient to support the district court's application of § 2K2.1(b)(1)(A).

In this case, although Penn's possession of multiple firearms was approximately one year apart, the two incidents were very similar, involved similar conduct, and were part of an ongoing course of conduct. On August 28, 2015, during a search of Penn's residence, officers found a Hi-Point, .380 caliber handgun that all occupants of the residence attributed to Penn. In close proximity to the firearm was methamphetamine and evidence indicating Penn was involved in drug trafficking. During the August 16, 2016, incident, two firearms recovered from Penn's backpack were in close proximity to glass pipes used to smoke methamphetamine. A search warrant was immediately served at Penn's residence, and again, as in the August 28, 2015, search, officers recovered methamphetamine, marijuana and evidence of drug activity. Two months later, on October 27, 2016, Penn was stopped for traffic violations and found in possession of 21 grams of methamphetamine. The PSR reflects that Penn engaged an ongoing course of conduct, during which he possessed all three firearms in connection with his drug related activities.

Penn argues that he should not be subject to the 2-level increase under § 2K2.1(b)(4)(A) for possessing a stolen firearm. Penn contends that none of the guns were stolen and he obtained them from others with their permission. However, § 2K2.1 cmt. n. 8(B) provides that the enhancement under subsection (b)(4) for a stolen firearm "applies regardless of whether the defendant knew or had reason to believe the firearm was stolen." *See United States v. Martinez*, 339 F.3d 759 (8th Cir. 2003).

4

B.   *Application of the § 3553(a) Factors*

   1.   **The History and Characteristics of the Defendant**

The defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C. § 3553(a)(1).  Penn has accrued a lengthy list of criminal convictions in his lifetime, and has served multiple periods of incarceration.  At age 19, Penn was convicted of possession of marijuana (PSR ¶ 42), disorderly conduct (PSR ¶ 43) and possession of methamphetamine.  (PSR ¶ 44.)  At age 20, he was convicted of sale of cocaine and sentenced to probation, although he violated probation and was ultimately sentenced to five years' custody.  (PSR ¶ 46.)  At age 27, Penn was convicted of possession of drug paraphernalia on three occasions.  (PSR ¶¶ 49-51.)  In 2008, at age 27, he was convicted of felony tampering with a motor vehicle and for driving a stolen vehicle.  (PSR ¶ 52.)  Penn continued to have issues with methamphetamine abuse, and was convicted in 2006 of two incidents of possession of drug paraphernalia.  (PSR ¶¶ 53-54.)  At age 28, Penn was convicted of driving while revoked on four instances (PSR ¶¶ 56-58, 61) and two instance of possessing drug paraphernalia.  (PSR ¶¶ 59-60.)  At age 29, Penn was convicted of third degree domestic assault, after assaulting a victim by hitting her with his fist.  (PSR ¶ 62.)  In 2009, Penn was convicted of felony possession of hydrocodone, and was sentenced to seven years' imprisonment.  (PSR ¶ 63.)  In 2008, Penn was convicted in federal court of possession of a firearm by a convicted felon and receiving a firearm while under federal indictment.  (PSR ¶ 64.)  In 2009, Penn was also convicted of second degree assault for striking someone in the face so severely that the individual required extensive reconstructive surgeries to his face.  (PSR ¶ 65.)

Penn has a history of substance abuse and has abused methamphetamine, cocaine, Ecstasy and PCP.  (PSR ¶¶ 104-110.)  Penn also has a history of mental health issues.  (PSR ¶¶ 94-103.)

5

In sum, Penn has an extensive criminal history, including felony drug convictions and crimes of violence. Despite multiple periods of incarceration, he has continued to engage in criminal behavior. Given his history and characteristics, a sentence of 110 months' imprisonment is appropriate.

### 2. The Need to Protect the Public from Future Crimes by the Defendant

The need to protect the public from the defendant's own future crimes, 18 U.S.C. § 3553(a)(1)(C), weighs in favor of the 110 month sentence recommended by the Government. Penn has a history of criminal behavior, including felony drug convictions, gun convictions and crimes of violence. He has been incarcerated on multiple occasions, but has continued to commit crimes after being released. The instant case involved Penn possessing two loaded pistols. The interests of public safety requires that Penn be incarcerated for a lengthy period, and a sentence of 110 months' imprisonment is appropriate.

### 3. The Nature and Circumstances of the Offense

The nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the 110 month sentence that the Government recommends. In this case, Penn possessed two loaded pistols. He also had drug paraphernalia, indicating he was using drugs while in possession of the firearms. Given his lengthy criminal history and history of violence, this was a highly dangerous situation and a severe sentence is warranted. For this reason, a sentence of 110 months' imprisonment is appropriate.

### 4. The Need to Avoid Unwarranted Sentencing Disparities

Uniformity in sentencing among similarly-situated defendants is also an important element of sentencing, 18 U.S.C. § 3553(a)(6), and in general, this factor weighs in favor of a Guidelines range sentence, since the Court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" when calculating and reviewing the Guidelines range. *Gall v. United States*, 552 U.S. 38, 54 (2007). In this case, a Guidelines range sentence would avoid unwarranted sentencing disparities. A sentence of 110 months is an appropriate sentence given Penn's culpability.

### 5. Balancing of All § 3553(a) Factors

A 110 month sentence, although significant, is warranted given all the factors in this case. Penn has a lengthy criminal history and has demonstrated his capability for violence. In this case, despite his prohibited status, he possessed two loaded firearms and drug paraphernalia. Given Penn's history, his conduct in the instant case, the need to protect the public, promote respect for the law and provide just punishment, a sentence of 110 months is warranted.

### C. *Recommended Sentence for Monetary Penalties*

Due to Penn's inability to pay, the Government is not advocating that a fine be imposed. However, the $100 Special Assessment per count is mandatory and, as a result, $100 must be paid in full by Penn no later than the day of sentencing.

### III. CONCLUSION

The Government respectfully suggests that a sentence of 110 months constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

        Respectfully submitted,

        **Timothy A. Garrison**
        United States Attorney

By      /S/

        **Jim Lynn**
        Assistant United States Attorney
        Missouri Bar No. 32140

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 6, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

        /S/
        **Jim Lynn**
        Assistant United States Attorney