UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.

GARY ANTHONY PENN, JR.

Case No. 2:16-CR-04080-1-BCW

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

If the defendant's sentence is reduced to time served:

  ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before ____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Before the Court is Defendant's pro se motion for compassionate release (Doc. #97). The Court, being duly advised of the premises, denies said motion.

On May 14, 2019, the Court sentenced Defendant to 110 months of imprisonment for a conviction of being a felon in possession of a firearm. (Doc. #83). Defendant's estimated release date is August 18, 2024.

On September 6, 2022, Defendant filed his second pro se motion for compassionate release. (Doc. #97). Defendant argues early termination is warranted because he is at greater risk for contracting COVID due to his severe medical conditions. Defendant argues he has exhausted his administrative remedies such that his motion is properly before this Court.

On October 14, 2022, the Government filed an opposition arguing Defendant has not demonstrated extraordinary and compelling reasons justifying a sentence reduction. (Doc. #100). Specifically, the Government argues Defendant's claim that his various medical conditions constitute extraordinary and compelling reasons warranting his release is without merit and the

Bureau of Prisons is adequately managing his medical conditions. The Government further argues the § 3553 factors do not weigh in favor of early termination.

The Court finds Defendant's arguments do not amount to an extraordinary and compelling reason warranting a sentence reduction. The Court also finds the § 3553 factors do not weigh in favor of a sentence reduction, specifically given the need to protect the public and Defendant's criminal history. Thus, the Court denies Defendant's motion on the basis that Defendant has failed to show an extraordinary and compelling justification for release. Accordingly, it is hereby

ORDERED Defendant's motion for a compassionate release (Doc. #97) is DENIED without prejudice. It is further

ORDERED the Clerk of the Court is directed to send a copy of this Order to Defendant, at his address of record.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 8, 2022 /s/ Brian C. Wimes
UNITED STATES DISTRICT JUDGE